IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JEFFREY C. GARDNER,

    **Plaintiff,**

vs.                                                               No. CIV 05-0520 RB/RHS

**UNITED STATES GOVERNMENT**
**DEPARTMENT OF THE TREASURY**
**INTERNAL REVENUE SERVICE**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss or for Summary Judgment (Doc. 25), filed on October 27, 2005. Having reviewed the submissions of the parties and the relevant law, I find that this motion should be granted and that this action should be dismissed.

**I. Background.**

Plaintiff ("Gardner"), a pro se litigant, filed this suit for injunctive relief, damages and to recover taxes and penalties assessed and collected by the Internal Revenue Service ("IRS") for tax year 1998. Gardner avers that he is an individual domiciled in Doña Ana County, New Mexico. The Amended Complaint identifies the jurisdictional bases of the suit as 28 U.S.C. §§ 1331 and 1346.

Gardner alleges that, on January 16, 2003, his employer received a Notice of Levy from the IRS for tax year 1998, in the amount of $6,462.60. The IRS garnished Gardner's pay from January 2003 through May 2003, in the total amount of $6,999.68 in taxes and penalties. Gardner alleges that the IRS wrongfully assessed and collected the levy. Specifically, he contends that the IRS violated federal statutes, regulations, as well as the First, Fourth, Fifth, and Sixth Amendments to the

...
...

Constitution by failing to (1) give him lawful notice of the deficiency, (2) disclose evidence in support of the assessment, (3) state the basis for the penalties, or (4) respond to his requests for information. Gardner seeks (1) injunctive relief (requiring the IRS to respond to his requests for information), (2) a refund of the amount unlawfully seized, and (3) money damages.

The United States[1] moved to dismiss on the grounds that the claims are barred by sovereign immunity.

**II. Standard.**

The court must liberally construe *pro se* litigants' pleadings and hold them to a less stringent standard than required of those prepared by a lawyer. *Gillihan v. Shillinger*, 872 F.2d 935, 938 (10th Cir. 1989). At the same time, the court may not assume the role of advocate for the pro se litigant, and need not accept as true unsupported conclusory allegations. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Moreover, pro se litigants must follow the same rules of procedure that govern other litigants. *Oklahoma Gold & Federated Numismatics, Inc. v. Blodgett*, 24 F.3d 136, 139 (10th Cir. 1994).

While a court must construe pro se plaintiffs' pleadings liberally, mere conclusory allegations will not support a claim without supporting factual averments. *Brown v. Zavaras*, 63 F.3d 967, 972 (10th Cir. 1995). The court is not obliged to craft legal theories for the pro se plaintiff, nor may the court supply factual allegations to support a pro se plaintiff's claim for relief. *Hall*, 935 F.2d at 1110.

---

[1] Although the IRS and the Department of the Treasury are included in the caption, an agency of the United States may not be sued unless Congress has authorized such a suit. *See Blackmar v. Guerre*, 342 U.S. 512 (1952). The statutes cited by Gardner do not authorize suit against the IRS or the Treasury Department. Thus, the United States is the real party at interest.

...

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows dismissal of a complaint for "lack of jurisdiction over the subject matter." FED. R. CIV. P. 12(b)(1). Where the challenge to jurisdiction calls for a legal determination and does not dispute the factual allegations of the pleadings, the Court accepts those factual allegations as true and accords them the benefit of all reasonable inferences. *See United States v. Rodriguez-Aguirre*, 264 F.3d 1195, 1203 (10th Cir. 2001).

Although the Government entitled its motion "Motion to Dismiss or for Summary Judgment," it raises purely legal issues and submitted no material outside the pleadings. Gardner filed a combined response to the Government's motion and a motion for summary judgment. (Doc. 26.) In support of his response and motion for summary judgment, Gardner submitted his own affidavit that contains no factual averments, only legal conclusions. (Doc. 27.) Gardner argues that the law does not apply to him because he is not a taxpayer. Gardner raises no factual issues in his motion relevant to the jurisdictional issues. Because resolution of the jurisdictional issues involves purely legal determinations, the Court will accept the factual allegations of the Amended Complaint as true and accord them the benefit of all reasonable inferences. *See* FED. R. CIV. P. 12(b)(1); *Rodriguez-Aguirre*, 264 F.3d at 1203.

**III. Discussion.**

"It is well settled that the United States . . . [is] immune from suit, unless sovereign immunity has been waived." *Atkinson v. O'Neill*, 867 F.2d 589, 590 (10th Cir. 1989). Waivers of sovereign immunity must be unequivocal and must be strictly construed in favor of the United States. *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33-34 (1992); *Fostvedt v. United States*, 978 F.2d 1201, 1202-03 (10th Cir. 1992). When the United States is a defendant in an action by a taxpayer, the

taxpayer has the burden of showing an explicit waiver of sovereign immunity as a prerequisite to federal court jurisdiction. *Lonsdale v. United States*, 919 F.2d 1440, 1444 (10th Cir. 1990).

Federal district courts have jurisdiction over civil actions against the United States for the recovery of internal revenue taxes erroneously or illegally assessed or collected. *See* 28 U.S.C. § 1346(a)(1). However, this waiver of sovereign immunity is limited by provisions of the tax code. *See United States v. Dalm*, 494 U.S. 596, 601-02 (1990). The two provisions of the tax code applicable to Gardner's claims both require the taxpayer to exhaust administrative remedies as a prerequisite to filing suit. *See* 26 U.S.C. § 7422(a) and § 7433(d)(1).

Section 7422(a) allows for a civil action for recovery of tax alleged to have been erroneously or illegally assessed or collected. *See* 26 U.S.C. § 7422(a). However, Section 7422(a) states that "[n]o suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed with the Secretary." 26 U.S.C. § 7422(a). Gardner has not alleged or argued that he sought administrative relief in connection with his claim for wrongful assessment of tax. Thus, Gardner has failed to establish a waiver of sovereign immunity, which is a necessary prerequisite to subject-matter jurisdiction. *Lonsdale v. United States*, 919 F.2d at 1444.

Gardner's claim for damages is similarly barred. The tax code permits a taxpayer to sue for damages under limited circumstances where an employee of the IRS "in connection with any collection of Federal tax . . . recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title." 26 U.S.C. § 7433(a). However, Section 7433(d)(1) provides that "[a] judgment for damages shall not be awarded . . . unless the court determines that the plaintiff has exhausted administrative remedies available to such plaintiff

4

within the Internal Revenue Service." 26 U.S.C. § 7433(d)(1); *see also* 26 C.F.R. § 301.7433-1(e) (outlining the procedures for filing an administrative claim). Because he has not alleged or argued that he filed an administrative claim for damages, Gardner has failed to establish a waiver of sovereign immunity with respect to his claim for damages.

Gardner's constitutional claims against Defendants fail to state a claim. The direct, constitutional remedy recognized in *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 395-98 (1971), is inapplicable to the United States and its agencies. *Dahn v. United States*, 127 F.3d 1249, 1254 (10th Cir. 1997). Moreover, "in light of the comprehensive administrative scheme created by Congress to resolve tax-related disputes, individual agents of the IRS are also not subject to *Bivens* actions." *Id*. Therefore, the constitutional claims will be dismissed.

Gardner seeks injunctive relief to require the IRS to provide documented, specific answers to his requests for information regarding the levy. The Anti-Injunction Act ("Act") bars any request for injunctive relief against the IRS. The Act provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." 26 U.S.C. § 7421. In order to ensure that the Government may assess and collect taxes with a minimum of pre-enforcement judicial review, courts are not given jurisdiction to grant injunctive relief that falls within the scope of the Act. *Bob Jones Univ. v. Simon*, 416 U.S. 725, 736 (1974). A court has no jurisdiction over such an action unless a party seeking to enjoin the Government demonstrates the applicability of one of the limited exceptions to the Act. *James v. United States*, 970 F.2d 750, 756-57 (10th Cir. 1992). Because Gardner does not allege that any statutory or judicial exceptions to the Act apply, the claim for injunctive relief will be dismissed.

In his response, Gardner claims that he is a non-resident for the purposes of the United States

5

tax laws. To the extent that Gardner seeks a declaration of his taxpayer status, his claim is barred by the Declaratory Judgment Act. *See* 28 U. S. C. § 2201. The Declaratory Judgment Act provides that a party may seek a declaration of rights and legal relations in a case of actual controversy within its jurisdiction, except with respect to Federal taxes . . . . *Id. See also Fostvedt v. United States*, 978 F.2d at 1203. Gardner has failed to argue that any of the statutory and judicial exceptions to the Declaratory Judgment Act apply. Therefore, subject matter jurisdiction over his implied request for a judicial determination of Gardner's status as a taxpayer is barred by the Declaratory Judgment Act.

**WHEREFORE,**

**IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. 25), filed on October 27, 2005, is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. 26), filed on November 7, 2005, is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**.

 

**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**